1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10   FELIX ESPINO, JR.,                      Civil No.    05cv2321-WQH(POR)

11                          Plaintiff,       **ORDER DENYING PLAINTIFF'S**
                                             **REQUEST FOR TRANSFER**
12              v.
                                             **[Doc. No. 33]**
13   CITY OF CHULA VISTA,

                            Defendant.
14

15

16        Plaintiff is state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action

17   pursuant to 42 U.S.C. § 1983.  On January 8, 2007, Plaintiff filed a request for transfer to a different

18   institution.  Plaintiff requests a transfer because (1) conducting discovery from his present institution

19   is difficult as a *pro se* litigant, (2) he has limited access to the telephone, and (3) he has limited

20   access to the law library.

21        Prisoners have no constitutional right to incarceration in a particular institution.  Olim v.

22   Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976).  A

23   prisoner's liberty interests are sufficiently extinguished by his conviction that the state may

24   generally confine or transfer him to any of its institutions without offending the Constitution. See

25   Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (intrastate prison transfer does not implicate

26   Due Process Clause).

27        Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey, 518 U.S.

28   343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977).  However, the right of access to the

- 1 -

1  courts is only a right to bring complaints to the federal court and not a right to discover such claims

2  or to litigate them effectively once filed with a court.  See Lewis, 518 U.S. at 354-55; Madrid v.

3  Gomez, 190 F.3d 990, 995 (9th Cir. 1999); Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995)

4  ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires

5  a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil

6  rights action.").

7        Plaintiff does not have a constitutional right to incarceration in a particular institution.  While

8  Plaintiff asserts that conducting discovery at his present institution would be difficult, Plaintiff's

9  constitutional right of access to the courts does not include a right to discover his claims or to litigate

10  them effectively once his complaint is filed with the court.  Accordingly, Plaintiff's request for

11  transfer is **DENIED**.

12        **IT IS SO ORDERED.**

13

14  DATED:  January 17, 2007

15

16        LOUISA S PORTER
        United States Magistrate Judge

17

18

19  cc:     District Judge
          All parties

20

21

22

23

24

25

26

27

28

- 2 -