1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

FELIX ESPINO,

Plaintiff,

vs.

CITY OF CHULA VISTA, et al.,

Defendants.

CASE NO. 05cv2321 WQH (POR)

**ORDER**

(Docs. #  57, 75, 86)

HAYES, Judge:

The matters before the Court are two motions to amend the Complaint (Docs. # 57 & 86) and "Plaintiff's Request for Ruling of the Court for Defendants' Failure to Comply with the Court's Order Filed on April 12, 2007" (Doc. # 75).

### BACKGROUND

On December 21, 2005, Plaintiff, a prisoner proceeding *pro se*, filed his Complaint, alleging that certain members of the Chula Vista Police Department violated his civil rights during the course of his arrest on May 17, 2004.  (Doc. # 1.)  Count One of his Complaint alleges, *inter alia*, "excessive force, unlawful force, and cruel and unusual punishment [in] violation of the Eighth Amendment."  (Compl., Doc. # 1, at 3.)  Count Two alleges a denial of "right to medical care, due process [in] violation of the Eighth and Fourteenth Amendment[s]."  (*Id.* at 4.)  On June 23, 2006, Defendant City of Chula Vista filed its Answer. (Doc. # 14.)

On August 31, 2006, Magistrate Judge Porter conducted a case management conference

pursuant to Federal Rule of Civil Procedure 16.  (Doc. # 16.)  On September 13, 2006, the Magistrate Judge issued a Scheduling Order, which provides in part: "Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **October 2, 2006**." (Scheduling Order, Doc. # 16, at 1 (emphasis in original).)  The Scheduling Order also provides: "The dates and times set forth herein will not be further modified except for good cause shown." (*Id.* at 4.)

On December 22, 2006, the seven individual Defendants filed their waiver of service. On December 26, 2006, the seven individual Defendants filed their Answer to Plaintiff's Complaint. (Doc. # 23.)

On January 31, 2007, Plaintiff filed his Motion for Leave to File First Amended Complaint ("January 31, 2007 Motion for Leave") (Doc. # 40), seeking to amend the Complaint to allege for the first time that during his May 17, 2004 arrest, he sustained a back injury.  Defendants opposed the January 31, 2007 Motion for Leave.  (Doc. # 42.)  On March 7, 2007, the Court granted Plaintiff's January 31, 2007 Motion for Leave, stating:

> [A]ccording to Plaintiff, his back 'recently started to bother[] him,' and at the resultant visit to the doctor, an X-ray revealed the injury.  Assuming his statements to be true, the allegation that he 'recently discovered that he sustained a serious back injury during his arrest' is sufficient to show 'good cause' for the delay.  Therefore, the Court will grant Plaintiff leave to amend the Complaint.

(March 7, 2007 Order, Doc. # 47, at 3.)

On April 4, 2007, Plaintiff filed his First Amended Complaint. (Doc. # 58.)  The First Amended Complaint alleges that "Plaintiff sustained a serious back injury" due to Defendants' actions during on the day of his arrest (Doc. # 58 at 13), as allowed by the Court's March 7, 2007 Order.  However, the First Amended Complaint also purports to add three new defendants to this action, "Officer Kalbaugh," "Officer Munch," and "Officer Ficacci." (Doc. # 58 at 1.)  Plaintiff's January 31, 2007 Motion for Leave did not seek to add any new defendants, and the Court's March 7, 2007 Order did not grant leave to add any new defendants.

On April 4, 2007, the same day Plaintiff filed his First Amended Complaint, Plaintiff filed a "Motion for Leave to File a First Amended Complaint" (Doc. # 57) ("April 4, 2007

Motion for Leave"), seeking leave to add "Officer Kalbaugh," "Officer Munch," and "Officer Ficacci" as defendants.

On April 12, 2007, the Court issued an Order stating that Defendants may file an opposition to the April 4, 2007 Motion for Leave by April 27, 2007 and Plaintiff may file a reply by May 11, 2007. (Doc. # 60.)

On May 10, 2007, Defendants filed an "Ex Parte Application . . . Extending Time to Oppose Plaintiff's Motion for Leave to Amend Complaint" (Doc. # 65) and an opposition brief to Plaintiff's April 4, 2007 Motion for Leave (Doc. # 66).

On May 11, 2007, the Court granted Defendants' "Ex Parte Application . . . Extending Time to Oppose Plaintiff's Motion for Leave to Amend Complaint" and ordered Plaintiff to file any reply to Defendants' opposition brief by May 25, 2007. (Doc. # 68.)

On May 17, 2007, Plaintiff filed "Plaintiff's Request for Ruling of the Court for Defendants' Failure to Comply with the Court's Order Filed on April 12, 2007" (Doc. # 75), requesting the Court to grant Plaintiff's April 4, 2007 Motion for Leave based upon Defendants' late filing of the opposition brief.

On May 25, 2007, Plaintiff filed an objection to Defendants' "Ex Parte Application . . . Extending Time to Oppose Plaintiff's Motion for Leave to Amend Complaint." (Doc. # 77.)

On May 31, 2007, Plaintiff filed a reply to Defendants' opposition brief to the April 4, 2007 Motion for Leave. (Doc. # 80.)

On June 7, 2007, Plaintiff filed a "Motion for Leave to File a Second Amended Complaint" (Doc. # 86) ("June 7, 2007 Motion for Leave"), seeking to add a fourth new defendant, "Officer Schneider."

On June 25, 2007, Defendants filed an opposition brief to the June 7, 2007 Motion for Leave (Doc. # 86), and on July 5, 2007, Plaintiff filed a reply (Doc. # 90).

## DISCUSSION

**A.    Motions for Leave to Amend the Complaint**

In the April 4, 2007 Motion for Leave, Plaintiff seeks leave to add "Officer Kalbaugh," "Officer Munch," and "Officer Ficacci" as defendants. In the June 7, 2007 Motion for Leave,

1    Plaintiff seeks leave to add "Officer Schneider" as a defendant.

2         **1.     Legal Standards**

3         "[O]nce the district court has filed a pretrial scheduling order pursuant to [Federal] Rule

4    [of Civil Procedure] 16 which establishes a timetable for amending pleadings, a motion

5    seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule

6    15(a)." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citing, *inter alia*,

7    *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992); *Sosa v. Airprint*

8    *Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If [the court] considered only Rule 15(a)

9    without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively

10   would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil

11   Procedure.")).

12        Pursuant to the terms of the Scheduling Order, as well as Federal Rule of Civil

13   Procedure 16(b), the dates set forth in the Scheduling Order will not be modified "except for

14   good cause shown." (Scheduling Order, Doc. # 16, at 4.) "Unlike Rule 15(a)'s liberal

15   amendment policy which focuses on the bad faith of the party seeking to interpose an

16   amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard

17   primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at

18   609. Because both of the pending motions to add parties were filed after the October 2, 2006

19   deadline set by the Scheduling Order, Plaintiff must satisfy the Rule 16(b) "good cause"

20   standard. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir.

21   2006) ("[T]he party in *Johnson* had failed to file his motion to join additional parties within

22   the period of time set in the district court's scheduling order. Put simply, the party could not

23   appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion had to

24   satisfy the more stringent 'good cause' showing required under Rule 16.") (citing *Johnson*, 975

25   F.2d at 607-08).

26        If Plaintiff satisfies the "good cause" standard, the Court may also consider whether his

27   motion satisfies Rule 15(a)'s standard. *See Jackson*, 186 F.R.D. at 607. "Rule 15(a) is very

28   liberal and leave to amend 'shall be freely given when justice so requires.' But a district court

need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp.*, 465 F.3d at 951 (quoting *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999); citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)).

### 2. April 4, 2007 Motion for Leave

#### a. Officer Kalbaugh

The proposed First Amended Complaint alleges: "Officer D. Kalbaugh was acting under color of state law when he used excessive force in restraining Plaintiff. Plaintiff is informed and believes that he was involved in this matter. . . . And even if Officer Kalbaugh did not sadistically or maliciously cause[] any harm to Plaintiff, he can still be found liable for failing to intervene and report the matter to his superiors." (First Am. Compl., Doc. # 58, ¶ 13.) In the April 4, 2007 Motion for Leave, Plaintiff contends that he "recently obtained a supplemental report by Officer D. Kalbaugh." (Doc. # 57, at 3.) This "supplemental report" states, in part: "I rode in the back of the ambulance as Espino was transported to Scripps Hospital, Chula Vista. Espino was wheeled into the Emergency Room and transferred to a hospital bed. As a nurse attempted to insert a catheter into Espino's penis, he violently struggled and thrashed his body about the bed. I assisted in restraining Espino's left arm. The hospital staff administered an anti-psychotic drug and a drug to calm Espino." (Doc. # 57, Ex. F.)

Attached to Plaintiff's initial Complaint, filed December 21, 2005, is a single-page form entitled, "Claim Against the City (For Damages to Persons or Personal Property)," and dated November 3, 2004. On the form, Plaintiff listed "Off. Kalbaugh" as one of the "City employees causing [his] . . . injury." (Compl., Doc. # 1, at Page 11 of 26.) Also attached to Plaintiff's initial Complaint is a police report by Defendant "Officer Hughes," which states that "Officer Kalbaugh . . . assisted in relieving officers and going with paramedics to the hospital." (*Id.* at Page 17 of 26.)

As stated in the "Claim Against the City," Plaintiff had come to the conclusion in November of 2004 that Officer Kalbaugh had caused his injury. Given this fact, the Court

1   finds that Plaintiff has failed to show good cause for waiting over 15 months after filing the

2   Complaint to attempt to add Officer Kalbaugh as a defendant.

3       Additionally, the report attached to the original Complaint indicating that "Officer

4   Kalbaugh . . . assisted in relieving officers and going with paramedics to the hospital" (Compl.,

5   Doc. # 1, at Page 17 of 26), should have been sufficient to apprise Plaintiff of the facts

6   necessary to allege the following from his proposed Amended Complaint: "And even if Officer

7   Kalbaugh did not sadistically or maliciously cause[] any harm to Plaintiff, he can still be found

8   liable for failing to intervene and report the matter to his superiors."  (First Am. Compl., Doc.

9   # 58, ¶ 13.)  Plaintiff has failed to show good cause for waiting over 15 months to attempt to

10  add Officer Kalbaugh as a defendant for his alleged "failing to intervene and report the matter

11  to his superiors."

12      Plaintiff's motion for leave to add Officer Kalbaugh as a defendant is denied.

13          **b.    Officer Munch and Officer Ficacci**

14      Plaintiff attached police reports to the original Complaint which indicate that Officer

15  Munch and Officer Ficacci were present during at least some of the events at issue and, in the

16  case of Officer Ficacci, "assisted in attempting to place [Plaintiff] in the maximum restraint

17  chair." (Compl., Doc. # 1, at Page 12 of 26 & Page 18 of 26.)  In the April 4, 2007 Motion for

18  Leave, Plaintiff fails allege that he learned any additional facts related to Officer Munch and

19  Officer Ficcaci through discovery or otherwise in the 15 months between the filing of the

20  Complaint and moving for leave to add Officer Munch and Officer Ficacci.  Indeed, the

21  paragraphs of the proposed First Amended Complaint which specifically reference Officer

22  Munch (First Am. Compl., Doc. # 58, ¶ 54) and Officer Facacci (First Am. Compl., Doc. # 58,

23  ¶ 56), cite to the police reports which were attached to the original Complaint.  The Court finds

24  that Plaintiff has failed to show good cause for the delay.  Plaintiff's motion for leave to add

25  Officer Munch and Officer Ficacci as defendants is denied.

26          **3.    June 7, 2007 Motion for Leave**

27      In the June 7, 2007 Motion for Leave, Plaintiff seeks leave to add Officer Schneider as

28  a defendant.  Plaintiff submits evidence that, on May 22, 2007, Plaintiff learned for the first

time that Officer Schneider "assisted in the restraining and tas[er]ing of Plaintiff." (June 7, 2007 Motion for Leave, Doc. # 86, at 1; Reply Br., Doc. # 90, at 2.) Defendants do not dispute that Plaintiff first received Officer Schneider's "Advanced Air Taser Use Report" (Doc. # 86, Ex. A) on May 22, 2007.

Defendants argue that Plaintiff should have been aware of Officer Schneider's involvement in his arrest because of the police report attached to Plaintiff's original Complaint, which states that "Officer Schneider . . . assisted in relieving officers and going with paramedics to the hospital" (Compl., Doc. # 1, at Page 17 of 26). This report would have been sufficient to apprise Plaintiff of the facts necessary to allege that Officer Schneider failed to intervene and/or report the matter to his superiors (as Plaintiff alleged in his proposed First Amended Complaint with respect to Officer Kalbaugh (First Am. Compl., Doc. # 58, ¶ 13)). Therefore, to the extent Plaintiff seeks to add Officer Schneider as a defendant in order to allege that he failed to intervene and/or report the matter to his superiors, that motion is denied.

However, the police reports attached to the original Complaint do not give any indication that Officer Schneider "assisted in the restraining and tas[er]ing of Plaintiff." (June 7, 2007 Motion for Leave, Doc. # 86, at 1.) The undisputed evidence shows that Plaintiff first had a basis to allege this on May 22, 2007. Therefore, the Court finds that Plaintiff has shown good cause for waiting until June 7, 2007 to file a motion for leave to add Officer Schneider and allege that he "assisted in the restraining and tas[er]ing of Plaintiff." (*Id.*)

The Court also finds that pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff should be granted leave to add Officer Schneider for the purpose of alleging that he "assisted in the restraining and tas[er]ing of Plaintiff." Although Defendants will suffer the prejudice of having to engage in additional discovery, this prejudice is reduced because Officer Schneider's alleged actions during Plaintiff's arrest are closely connected to the discovery which has already been conducted. *Cf. Jordan v. Los Angeles County*, 669 F.2d 1311, 1324 (9th Cir. 1982) ("Because Jordan's proposed amendment raised substantial issues of state law not closely connected with the issues raised under Title VII and section 1981, the County would have been required to conduct extensive, costly discovery in order to respond to the

amended complaint.") (affirming the denial of leave to amend).  Although the addition of Officer Schneider will cause some delay in this litigation, the Court does not find that it will be "undue delay." *Bowles*, 198 F.3d at 757-58.  The evidence shows that Plaintiff did not know of Officer Schneider's involvement in "assist[ing] in the restraining and tas[er]ing of Plaintiff" (June 7, 2007 Motion for Leave, Doc. # 86, at 1), until May 22, 2007.  *Cf. AmerisourceBergen Corp.*, 465 F.3d at 953 ("[I]n evaluating undue delay, we also inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.") (quotation omitted).

Therefore, to the extent Plaintiff seeks to add Officer Schneider as a defendant in order to allege that he "assisted in the restraining and tas[er]ing of Plaintiff," the June 7, 2007 Motion for Leave is granted.

**B.   "Plaintiff's Request for Ruling of the Court for Defendants' Failure to Comply with the Court's Order Filed on April 12, 2007"**

On May 17, 2007, Plaintiff filed "Plaintiff's Request for Ruling of the Court for Defendants' Failure to Comply with the Court's Order Filed on April 12, 2007" (Doc. # 75), requesting the Court to grant Plaintiff's April 4, 2007 Motion for Leave based upon Defendants' late filing of the opposition brief.  However, six days earlier, on May 11, 2007, the Court had granted Defendants' "Ex Parte Application . . . Extending Time to Oppose Plaintiff's Motion for Leave to Amend Complaint" (Doc. # 65), because Defendants did not receive notice of the Court's Order setting the briefing schedule.  Therefore, "Plaintiff's Request for Ruling of the Court for Defendants' Failure to Comply with the Court's Order Filed on April 12, 2007" (Doc. # 75) is denied.

## CONCLUSION

The "Motion for Leave to File a First Amended Complaint" (Doc. # 57), filed April 4, 2007, seeking leave to add "Officer Kalbaugh," "Officer Munch," and "Officer Ficacci" as defendants, is **DENIED** in its entirety.

The "Motion for Leave to File a Second Amended Complaint" (Doc. # 86), filed June 7, 2007, seeking to add "Officer Schneider" as a defendant, is **GRANTED** only to the extent Plaintiff seeks to add "Officer Schneider" as a defendant in order to allege that he "assisted in

the restraining and tas[er]ing of Plaintiff."

"Plaintiff's Request for Ruling of the Court for Defendants' Failure to Comply with the Court's Order Filed on April 12, 2007" (Doc. # 75) is **DENIED**.

**No later than September 7, 2007, Plaintiff shall file a Second Amended Complaint which complies with the rulings contained in this Order.**

The Magistrate Judge shall issue a revised scheduling order.

DATED:  August 15, 2007

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge

05cv2321