UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX ESPINO, JR.,<br><br>                              Plaintiff,<br><br>    v.<br><br>CITY OF CHULA VISTA, et al.,<br><br>                              Defendants. | Civil No.   05cv2321-WQH(POR)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR ASSIGNMENT OF EXPERT TESTIMONY ON BACK INJURIES**<br><br>**[Doc. No. 132]** |

Plaintiff Felix Espino, Jr., proceeding *pro se* and *in forma pauperis*, filed an Ex Parte Motion for Assignment of Expert Testimony on Back Injuries. Plaintiff requests that the Court assign an expert witness on back injuries because the issues in this matter are complex.

The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes federal courts to permit commencement of suit without prepayment of fees and costs upon a showing of indigency and allows indigents who are unable to pay the entire filing fee upon filing to pay in installments. 28 U.S.C. § 1915 (a)-(b) (LexisNexis 2006). Section 1915 does not authorize or require federal courts to finance or subsidize a civil action or appeal by paying expert fees or other costs. Hadsell v. Internal Revenue Service, 107 F.3d 750, 752 (9th Cir. 1997); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).

Although federal courts have authority to appoint experts under Federal Rule of Evidence 706, the appointment of an independent expert witness is discretionary. Where there are complex and/or compelling circumstances and one party is indigent, federal courts do have discretion to appoint an expert and apportion all of the costs to an opponent "when the expert would significantly

- 1 -

help the court." McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated on other grounds sub nom.*, Helling v. McKinney, 502 U.S. 903 (1991).

Here, Plaintiff alleges Defendants used excessive force during Plaintiff's arrest. It does not appear that Plaintiff alleges facts that are so complex or compelling that the trier of fact requires the assistance of an expert witness on back injuries to understand the evidence or make a fair determination of a fact in issue. Accordingly, the Court finds Plaintiff's request for appointment of an expert witness on back injuries is **DENIED** without prejudice, but subject to renewal if appropriate. See Fed.R.Civ.P. 56(f) ("If a party opposing [a summary judgment motion] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may ... order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken.")

**IT IS SO ORDERED.**

DATED: January 17, 2008

_____
LOUISA S PORTER
United States Magistrate Judge

cc:     The Honorable William Q. Hayes
        all parties

- 2 -