UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX ESPINO, JR.,<br><br>                          Plaintiff,<br>      v.<br><br>CITY OF CHULA VISTA, et al.,<br><br>                         Defendants. | Civil No.   05cv2321-WQH(POR)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND GRANTING PLAINTIFF'S REQUEST FOR LAW LIBRARY ACCESS**<br><br>**[Document No. 166]** |

      On September 11, 2008, Plaintiff, proceeding pro se and in forma pauperis ("IFP") with a civil rights Complaint (Doc. No. 1) filed pursuant to 42 U.S.C. § 1983, and currently incarcerated at Vista Detention Facility, submitted a letter requesting the Court appoint counsel or grant him access to a law library. ( Doc. 166). The Court considers the letter filed as Document 166 as a motion for appointment of counsel and an order for library access.

      "[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

      Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the

- 1 -

1 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
2 light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both
3 must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d
4 1328, 1331 (9th Cir. 1986).

Plaintiff contends his "knowledge of the law is limited and without the right resources (Counsel and a Law Library), [he is] deprived of an equal opportunity to proceed with [his] case." (Doc. 166). However, it appears Plaintiff has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the basis of his claims. In fact, Plaintiff's pro se pleading survived the initial screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and the Court's docket reflects Plaintiff has effected service of his Complaint and summons upon the Defendants, properly filed and has been granted a motion for leave to file a second amended complaint to add a new party, met and conferred with opposing counsel regarding discovery, and noticed the Court of taking depositions upon written request of ten Defendants.

Accordingly, under the circumstances of this case, IT IS HEREBY ORDERED:

1. The Court finds Plaintiff has failed to plead facts sufficient to show the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Therefore, the Court **DENIES** without prejudice Plaintiff's request for appointment of counsel.

2. Good cause appearing, the Court requests the George Bailey Detention Facility grant Plaintiff access to the prison law library. The Court appreciates the assistance of the George Bailey Detention Facility.

**IT IS SO ORDERED.**

DATED: September 25, 2008

_____
LOUISA S PORTER
United States Magistrate Judge

cc:     The Honorable William Q. Hayes
        all parties

- 2 -